IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALTON D. BROWN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| U.S. DISTRICT COURT, EASTERN DISTRICT, et al. | : | NO. 13-7229 |
| | : | |

## MEMORANDUM

Ditter, J.  March 25, 2014

This case comes before me on the motion of a state prisoner to proceed *in forma pauperis* despite the fact that on three or more prior occasions, his suits or appeals were found to be frivolous, malicious, or failed to state a claim. He can only succeed if he was in imminent danger of serious physical injury at the time he filed suit. For the following reasons, I will deny the motion pursuant to 28 U.S.C. § 1915(g).[1]

Alton Brown is a prisoner currently incarcerated at the State Correctional Institution ("SCI") at Smithfield. Prior to his residence at SCI-Smithfield, Brown was incarcerated at SCI-Graterford. Brown is a "serial *pro se* prison litigant" who is well-known in this district. *Brown v. Lyons*, 2013 WL 5629774, at *1 (E.D. Pa. Oct. 16, 2013). He has accumulated "three strikes" for purposes of § 1915(g). *See, e.g.*, *Brown v. Lyons*, No. 13-4212 (3d Cir. Dec. 12, 2013 order) (treating Brown as a "three-striker"); *Brown v. Joyner*, Civ. A. No. 13-4686 (E.D. Pa. Sept. 18, 2013 order) (same). Accordingly, Brown may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed his complaint.

---

[1] Section 1915(g) provides that a prisoner who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 310-11 (3d Cir. 2001).

In assessing whether Brown satisfies the imminent danger exception, I must construe the allegations in the complaint in his favor.  However, I may "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous."  *See Ball v. Famiglio*, 726 F.3d 448, 468 (3d Cir. 2013) (quotations omitted)); *see also Brown v. City of Phila.*, 331 F. App'x 898, 900 (3d Cir. 2009) (per curiam) (observing that "vague, generalized, and unsupported claims" are insufficient to establish that a plaintiff is in imminent danger).  Moreover, "there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint."  *See Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009).  In short, § 1915(g) requires two things:  the allegation of imminent danger and a claim for relief that if granted will preclude the danger from becoming a reality.

Brown contends he is the victim of a conspiracy, its members consisting of the "United States District Court, Eastern District;" several district court judges, a magistrate judge, and the Clerk of Court who serve on that court; three attorneys employed by Pennsylvania's Attorney General's office; and the former and current secretaries of the Pennsylvania Department of Corrections.  The crux of Brown's complaint is that these defendants conspired to deny him access to the courts by ensuring that his cases are assigned to a member of the alleged conspiracy, steering his filings away from the "normal filing process," denying him leave to proceed *in forma pauperis* pursuant to § 1915(g), dismissing his claims, and denying him access to his case files and other information necessary for him to prosecute his claims.[2]  *See, e.g.*,

---

[2] Brown refers in his complaint to five lawsuits that he previously filed in this district. *See Brown v. Montgomery County*, Civ. A. No. 04-5729 (appeal dismissed for failure to prosecute; Brown alleged he was physically abused during his transport to and confinement at Montgomery County Jail); *Brown v. DiGuglielmo*, Civ. A. No. 07-3771 (case remains pending, Brown is proceeding *in forma pauperis*; Brown raised constitutional claims based on his exposure to second-hand tobacco smoke at SCI-Graterford); *Brown v. Lyons*, Civ. A. No. 10-3458 (appeal pending after court granted *in forma pauperis* as to some claims but denied it as to others, but ultimately dismissed complaint; Brown raised claims based on conditions at SCI-Graterford, including denial of medical care);

*Compl.* ¶¶ 8-11.  The relief Brown seeks as to this claim is money damages and an order enjoining the defendants from adjudicating any present or future claims raised by plaintiff or assigning his cases to judges in violation of court rules.  Thus, Brown's claim that the defendants conspired against him fails to satisfy § 1915(g) for two reasons.  It neither claims that the conspiracy has placed him in imminent danger of serious physical injury nor would granting the relief he seeks lessen the danger of imminent physical injury.[3]

Brown further alleges that the defendants transferred him from SCI-Graterford to SCI-Smithfield in order to frustrate his ability to prosecute his claims and make an example of him so as to discourage other prisoners from adopting such litigious behavior.  *Id.* ¶¶ 11.g, 11.k, & 11.l.  In an effort to satisfy the imminent danger exception, to which he is evidently familiar, Brown alleges that his transfer to SCI-Smithfield has placed him in imminent danger of serious physical injury.  Indeed, Brown contends that the conditions at SCI-Smithfield are "worse[] or at least on par with" the conditions at SCI-Graterford that he has challenged in numerous suits and that have served as a basis for a finding of imminent danger and *in forma pauperis* status.[4]  Specifically, Brown claims that, at SCI-Smithfield, "Wetzel's agents" are causing him to be subjected to environmental tobacco smoke that is aggravating his chronic obstructive pulmonary disease, and

---

*Brown v. Prison Health Servs., Inc.*, Civ. A. No. 12-3578 (appeal pending after court granted plaintiff leave to proceed *in forma pauperis* and dismissed his claims; Brown raised claims based on the denial of care to address problems with his kidneys and prostate while he was incarcerated at SCI-Graterford); *Brown v. Beard*, Civ. A. No. 13-465 (certain claims still pending after summary judgment granted as to other claims; Brown challenged conditions at SCI-Graterford).

[3] It is worth noting that Brown previously filed a complaint in this district raising claims based on the same conspiracy at issue in this case.  *See Brown v. Joyner*, Civ. A. No. 13-4686 (E.D. Pa.).  Judge Buckwalter denied Brown leave to proceed *in forma pauperis* pursuant to § 1915(g), concluding that he did not meet the imminent danger exception.  *Id.* (Sept. 18, 2013 order).

[4] To the extent he is attempting to allege imminent danger based on the conditions at SCI-Graterford, Brown cannot rely on those facts because they are the subject of previous lawsuits he filed, and Brown was no longer incarcerated at SCI-Graterford at the time he filed his complaint in this matter.  *See supra* page 2, footnote 2.

are denying him treatment for several preexisting medical issues.  *Id.* ¶ 11.m; *see also id.* ¶¶ 15-16.

By way of relief, Brown asks for an order enjoining "any further retaliation and abuse of Plaintiff by Defendants, their agents, associates, employees, subordinates, successors in office, and all other persons acting in concern [sic] and participation with them."  In addition, he is seeking money damages.  Once again, Brown's claim fails to satisfy the requirements of § 1915(g).  The relief he seeks, if granted, would not alleviate any danger of imminent serious physical injury.[5]

For the foregoing reasons, Brown's motion to proceed *in forma pauperis* is denied pursuant to § 1915(g).  His pending motions will be denied without prejudice to his refiling those motions in the event he pays the applicable fees to commence this case.

An appropriate order follows.

---

[5] Allegations that "Wetzel's agents" are causing Brown to be subjected to environmental tobacco smoke and denying him access to medical care may give Brown a basis for proceeding *in forma pauperis* against those agents in a separate lawsuit brought against the appropriate defendants, in the appropriate venue, and seeking the appropriate relief.